NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0167n.06
Filed: March 1, 2007

Case Nos. 05-2067, 05-2276

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DENNIS GARY WHITTIE, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| JAMES DOYLE, *et al.,* | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellants. | ) | |
| ——————————————————— | ) | |
| | ) | |

ORDER AND OPINION

BEFORE: BATCHELDER and GRIFFIN, Circuit Judges, and PHILLIPS,[*] District Judge.

THOMAS W. PHILLIPS, District Judge. This court entered an order on September 29, 2005, consolidating the two appeals from defendant, James Doyle (Docket No.05-2067) and defendants Louis H. Schimmel and Melvin E. Turner (Docket No.05–2276) for purposes of briefing and submission. The individual defendants appeal the District Court's denial of their motion for summary judgment on grounds of qualified immunity in this First Amendment retaliation case brought under 42 U.S.C. § 1983. In addition to briefing the issues raised by the individual defendants' appeal, plaintiff also filed a motion to dismiss the appeals or, in the alternative, to strike portions of the defendants' briefs. In an order dated June 6th, 2006, plaintiff's motion to dismiss the

---

[*] The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

appeals or, in the alternative, to strike portions of the defendants' briefs, was referred to this merits panel.

In its decision, this court noted that, "[A] District Court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. §1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). "However," this court noted, "issues regarding the sufficiency of the evidence are not immediately appealable under *Forsyth*. *Johnson v. Jones*, 515 U.S. 304 (1995). This court concluded that it appeared defendants had raised questions of law for the court's consideration and that the plaintiff's motion was more suitable for consideration by the panel that would be assigned to decide the merits of the instant appeal, pointing out that experience had demonstrated to the court that which side of the fact - law line an individual case falls on may become clear only after the parties have fully briefed the case. See *Berryman v. Rieger*, 150 F. 3d 561, 563 (6th Cir. 1998).

The case has now been fully briefed and oral arguments presented to the court. Upon careful consideration of the briefs of both defendants-appellants and the plaintiff-appellee, as well as the motion to dismiss the appeals or, in the alternative, to strike portions of the defendants' briefs, it is the conclusion of this court that it does not have jurisdiction over the qualified immunity issues in this appeal because the defendants-appellants are simply contesting the sufficiency of evidence presented to the District Court rather than raising an issue of law. *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995). In addition, this court declines to exercise jurisdiction over the interpretation of the Michigan Whistleblowers' Protection Act because there are no exceptional circumstances or

compelling reasons for this court to exercise pendent appellant jurisdiction at this juncture of the proceedings in this case.

## I. Background

Plaintiff-Appellee commenced employment as a police officer with defendant City of Hamtramck's Police Department in August of 2001. Aside from his duties as a police officer, plaintiff-appellee also maintained an active interest in municipal politics. In the spring of 2003, plaintiff-appellee wrote city, county, and state authorities reporting that defendant-appellant Melvin E. Turner, who is employed as the Public Safety Director, held two municipal positions in violation of the Michigan Incompatible Offices Act. Furthermore, later that year, plaintiff-appellee discovered that the city's building superintendent, Steve Shaya, had concealed the fact that he was a convicted felon and that he was thereby employed in contravention of the city's charter. Plaintiff-appellee then began a private investigation into Mr. Shaya's activities that culminated in a report which was submitted to a number of government officials.

In April of 2003, plaintiff-appellee launched a website called "Inside Hamtramck" that published information and commentary on a variety of municipal issues, including the plaintiff-appellee's opinions with regard to James Doyle, who was originally the Chief Deputy of Police and later became the Police Chief. On July 18, 2003, then Deputy Chief Doyle sent plaintiff-appellee a memorandum indicating that Mr. Shaya had filed a citizens complaint against plaintiff-appellee and that the department was consequently conducting an investigation into plaintiff-appellee's preparation of the Shaya report. The final line of the memorandum stated that "[a]ny

3

communications regarding this matter are not to be released to any civilian personnel without permission from the Director of Public Safety." Shortly thereafter, plaintiff-appellee placed a scanned copy of the Memorandum on the Inside Hamtramck website accompanied by commentary against Chief Deputy Doyle, Mr. Turner, and Mr. Shaya. Subsequently, formal disciplinary proceedings ensued against plaintiff-appellee.

On September 8, 2003, Doyle, who had become the Police Chief, conducted the first disciplinary hearing. As the result of the hearing, plaintiff-appellee was found to be in violation of three departmental rules: (1) Public Statements and Appearances; (2) Unbecoming Conduct; and (3) Dissemination of Information. As punishment, plaintiff-appellee was suspended for (10) days without pay. The union filed a grievance on behalf of plaintiff-appellee, and the matter went to arbitration. The arbitrator held that plaintiff-appellee's statements did not constitute protected speech and that the defendants had a basis for discipline, but reduced the punishment to a written reprimand.

Chief Doyle asserts, and plaintiff-appellee denies, that he gave a direct order to everyone present during the arbitration proceeding that anything discussed was "department business" and, therefore, would remain strictly confidential. Following the hearing, plaintiff-appellee sent an e-mail to approximately eighteen individuals relaying the status of the website, the nature of the charges against him, the procedural history of the hearing, and information that was presented during the course of the arbitration proceeding. This e-mail came to Chief Doyle's attention, and, consequently, Chief Doyle initiated an investigation into plaintiff-appellee's action with respect to the e-mail, and ultimately had departmental charges issued against plaintiff-appellee for insubordination and for

4

public dissemination of departmental information. Chief Doyle issued a letter terminating plaintiff-appellee on October 7, 2003. Again, the matter went to arbitration and the arbitrator found that the city had just cause to terminate plaintiff-appellee, but reduced his punishment to a sixteen month suspension without pay or benefits. On October 15, 2003, plaintiff-appellee filed his complaint regarding deprivation of his civil rights under 42 U.S.C. § 1983 claiming wrongful discharge in retaliation for exercising his First Amendment Right to Free Speech. In accordance with the arbitrator's decision reducing the plaintiff-appellee's termination to a suspension without pay or benefits, plaintiff-appellee returned to work on January 24, 2005.

## II. Analysis

The District Court below found that plaintiff-appellee had produced sufficient evidence to resist summary judgment on the issue of qualified immunity when the evidence, when viewed in a light most favorable to the plaintiff-appellee, indicated that defendants-appellants sought to completely silence plaintiff's whistleblowing activities by instituting two disciplinary hearings against him and by ultimately terminating him. The District Court concluded that it would have been clear to a reasonable official that he or she could not retaliate against plaintiff-appellee by categorically prohibiting him from contacting the press or any government official. While the defendants-appellants dispute this conclusion, it is clear to this court that the defendants-appellants are merely contesting the sufficiency of the evidence presented to the trial court, and are not raising an issue of law which is an appealable "final decision" within the meaning of 28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. at 530.

As pointed out by the United States Supreme Court in *Behrens v. Pelletier*, 516 U.S. 299,

313 (1996), "*Johnson* held, simply, that determinations of evidentiary sufficiency at summary judgment are not immediately appealable merely because they happen to arise in a qualified - immunity case; if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred, the question decided is not truly 'separable' from the plaintiff's claim, and hence there is no 'final decision' under *Cohen* and *Mitchell*. Plaintiff-Appellee asserts, and this court agrees, that in these appeals, defendants-appellants essentially raise factual arguments to take exception to the trial court's finding that plaintiff-appellee produced sufficient evidence to resist summary judgment on the issue of qualified immunity.

## III. Conclusion

For the foregoing reasons, we grant the plaintiff-appellee's motion to dismiss appeals for lack of jurisdiction. The request of plaintiff-appellee for its cost and attorney fees incurred in having to respond to the instant appeal shall be referred to the trial court for appropriate consideration upon the completion of this case.